## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**CHRISTOPHER DONNELLY,** )
)
**Plaintiff,** )
)
**v.** )       **Civil Action No.**
)       **15-10251-FDS**
**THE NEW ENGLAND PATRIOTS, et al.,** )
)
**Defendants.** )
_____)


## ORDER

**SAYLOR, D.J.**

On January 26, 2015, Christopher Donnelly, a resident of Bellefonte, Pennsylvania, filed a

*pro se* pleading titled "Preliminary Injunction, Temporary Restraining Order, TRO under the

whistle blowers Act seeking $25 Million Dollars in Punitive damages." *See* Docket No. 1. He

did not pay the $350 filing fee and the $50 administrative fee, *see* 28 U.S.C. § 1914(a) ($350

filing fee for all non-habeas civil actions), or filed a motion for leave to proceed without

prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[1]

Donnelly started this case by filing a motion seeking emergency injunctive relief. By

electronic order dated February 4, 2015, the motion was denied as frivolous and, in any event,

moot. *See* Docket No. 5. He has not filed a "complaint" in accordance with Rule 3 of the Federal

Rules of Civil Procedure. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint

with the court").

Any such complaint must conform with the requirements of the Federal Rules of Civil

---

[1] The $50 administrative fee became effective May 1, 2013. *See* Judicial Conference Fee Schedule.

Procedure and this Court's Local Rules. The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court's Local Rules mandate that typed complaints be double-spaced (except for the identification of counsel, title of the case, footnotes, quotations and exhibits). *See* Local Rule 5.1(a)(2).

In addition, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal-jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Any such complaint must state the basis for federal jurisdiction or it may be dismissed on that basis, as well.

Accordingly, if Donnelly wishes to pursue this action, he shall, within 28 days of the date of this memorandum and order, (1) file a complaint and (2) either pay the $400 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. If Donnelly fails to file a complaint and pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs, this action will be dismissed without prejudice.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:   April 29, 2015